```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
```

In re:                                                        Case No. 16-03266-MDF
Norman Michael Hines                                          Chapter 7
         Debtor                    **CERTIFICATE OF NOTICE**

```
District/off: 0314-1        User: AGarner         Page 1 of 1         Date Rcvd: Nov 10, 2016
                           Form ID: 318           Total Noticed: 15
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 12, 2016.
db            +Norman Michael Hines,   2 Mustang Lane,   Hanover, PA 17331-3495
4820082       +Hanover Anesthesiology,   250 Fame Ave., Suite 110,   Hanover, PA 17331-1587
4820083       +Hanover Hospital,   PO Box 824234,   Philadelphia, PA 19182-4234
4820086       +Hanover Medical Group,   310 Stock Street, Suite 7,   Hanover, PA 17331-2276
4820087       +Keys Neurology PA,   2975 Manchester Road, Unit A,   Manchester, MD 21102-1802
4820088       +Labcorp,   PO Box 2240,   Burlington, NC 27216-2240
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            +EDI: WFFC.COM Nov 10 2016 19:23:00      Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Se,
               1451 Thomas Langston Rd.,   Winterville, NC 28590-8872
4820079       +EDI: CHASE.COM Nov 10 2016 19:23:00      Chase Card,   P.o. Box 15298,
               Wilmington, DE 19850-5298
4820080       +EDI: WFNNB.COM Nov 10 2016 19:23:00      Comenitycapital/boscov,   Po Box 182120,
               Columbus, OH 43218-2120
4820081       +EDI: DISCOVER.COM Nov 10 2016 19:23:00      Discover Fin Svcs Llc,   Po Box15316,
               Wilmington, DE 19850-5316
4820084       +E-mail/Text: baugherj@hanoverhospital.org Nov 10 2016 19:24:25      Hanover Hospital,
               300 Highland Ave.,   Hanover, PA 17331-2203
4820091       +EDI: RMSC.COM Nov 10 2016 19:23:00      Syncb/lowes,   Po Box 965005,   Orlando, FL 32896-5005
4820092       +EDI: RMSC.COM Nov 10 2016 19:23:00      Syncb/paypal Smart Con,   Po Box 965005,
               Orlando, FL 32896-5005
4820093       +EDI: RMSC.COM Nov 10 2016 19:23:00      Syncb/wolf Furniture,   C/o Po Box 965036,
               Orlando, FL 32896-0001
4820094       +EDI: WFFC.COM Nov 10 2016 19:23:00      Wfds/wds,   Po Box 1697,   Winterville, NC 28590-1697
                                                                                   TOTAL: 9
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4820090        Quicken Loans
4820085*      +Hanover Hospital,   300 Highland Ave.,   Hanover, PA 17331-2203
4820089      ##+Mindy Hines,   3652 Schneider Lane,   Manchester, MD 21102-2545
                                                                   TOTALS: 1, * 1, ## 1
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 12, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 10, 2016 at the address(es) listed below:
         Joshua I Goldman    on behalf of Creditor   Quicken Loans Inc. bkgroup@kmllawgroup.com,
          bkgroup@kmllawgroup.com
         Sean Patrick Quinlan    on behalf of Debtor Norman Michael Hines spqesq@hotmail.com,
          lesliebrown.paralegal@gmail.com
         Steven M. Carr (Trustee)    carrtrustee@yahoo.com,  pa31@ecfcbis.com
         United States Trustee    ustpregion03.ha.ecf@usdoj.gov
         William E. Craig    on behalf of Creditor   Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer
          Services mortonlaw.bcraig@verizon.net,  donnal@mortoncraig.com;mhazlett@mortoncraig.com
                                                                   TOTAL: 5
```

| | | | |
|---|---|---|---|
| Debtor 1 | **Norman Michael Hines** | Social Security number or ITIN | **xxx–xx–7922** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **1:16–bk–03266–MDF**

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Norman Michael Hines

**By the court:**   *Mary D France*

November 10, 2016

Honorable Mary D. France
United States Bankruptcy Judge

By: AGarner, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Case 1:16-bk-03266-MDF   Doc 23   Filed 11/12/16   Entered 11/13/16 00:45:10   Desc
Imaged Certificate of Notice   Page 2 of 3

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**